SHIVERS, Senior Judge.
Appellant appeals the trial court’s order denying his petition for writ of habeas corpus. We reverse and remand for further proceedings.
In his petition, appellant related that he was convicted and sentenced in 1979 to consecutive 15 and 5 year sentences. He was paroled on October 1, 1985. Termination of parole was set for 1999. He remained on parole until January 22, 1991, at which time a parole violation and subsequent revocation occurred. He was returned to prison as a result of the parole revocation on February 18, 1991. Thereafter, due to the parole revocation, the Department of Corrections [Department] caused a forfeiture of the basic and earned gain time he had accrued prior to his release in 1985.
On July 17, 1991, appellant filed a petition for writ of mandamus and/or alternative petition for writ of habeas corpus, seeking to compel the Department to calculate and credit his gain time pursuant to the Waldrup v. Dugger, 562 So.2d 687 (Fla.1990), decision, which prohibited the Department from applying the 1983 reduction in incentive gain time to inmates convicted of offenses occurring before the effective date of the 1983 incentive gain time statute. In response to that petition, the Department conceded that appellant was entitled to an additional award of gain time pursuant to Waldrup, but the Department then immediately caused forfeiture of that gain time due to the parole revocation. That petition was then dismissed as moot since appellant had obtained the relief sought therein.
Appellant sought administrative review on the issue of whether a timely award of the Waldrup gain time would have expired his sentences prior to his parole violation and his subsequent parole revocation. When he was denied that relief, he filed the instant petition for writ of habeas corpus.
In the instant petition, appellant asserts that a timely award of his Waldrup gain time would have resulted in the expiration of both of his sentences by September 21, 1988, a fact which the Department has apparently conceded. He further asserts that, with the proper award of his Waldr-up gain time, at least one of his sentences would have expired prior to his being placed on parole on October 1, 1985 and, with the proper award of other unapplied gain time, both of his sentences would have expired prior to his being placed on parole.
In the order denying appellant’s petition for writ of habeas corpus, the trial judge stated that appellant “seeks to compel the Department of Corrections to award gain time in accordance with the decision in Waldrup ... and to release him from incarceration.” The court adopted the Department’s position that since that relief had been afforded appellant, thereby rendering the earlier petition for writ of mandamus moot, the instant petition for writ of habeas corpus must be denied.
We agree with appellant that the trial court has not addressed the matter raised in his petition for writ of habeas corpus. His petition raises the question of whether his sentence would have expired, upon the proper award of gain time pursuant to Waldrup, prior to his being placed on parole, thereby rendering his parole and the subsequent parole revocation invalid. Thereupon, we reverse the denial of his petition for writ of habeas corpus and remand for further proceedings in the trial court on the merits of the issue raised in that petition.
REVERSED and REMANDED for further proceedings.
ERVIN and MINER, JJ., concur.